**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01539-RMR-NRN
(*Consolidated with* Civil Action Nos. 23-cv-01540-RMR-NRN, 23-cv-01757-RMR-NRN)

GS HOLISTIC, LLC,

Plaintiff,

v.

ROCKY MOUNTAIN ECIGS LLC d/b/a PERFECT ALTERNATIVES, d/b/a ROCKY MOUNTAIN ECIGS, d/b/a MASTER VAPORS, and KEITH PETTERSEN,

Defendants.

---

**DEFENDANT KEITH PETTERSEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

Defendant Keith Pettersen ("Mr. Pettersen" or "Defendant Pettersen"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby respectfully moves this Court to dismiss all claims against him individually in Plaintiff GS Holistic, LLC's ("Plaintiff" or "GS Holistic") Amended Complaint for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant Pettersen states as follows:

## STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Plaintiff's counsel regarding this motion via email on February 24, 2026, and via two prior video conferences in

which this matter was also discussed. As of the date of filing, Plaintiff's counsel has not agreed to dismiss the individual claims against Mr. Pettersen.

## INTRODUCTION

1. Plaintiff GS Holistic filed its original complaints on June 19, 2023 and its operative Amended Complaint on December 14, 2023 thereafter, naming both Rocky Mountain Ecigs LLC and its owner Keith Pettersen as defendants. This Motion addresses only the claims asserted against Mr. Pettersen in his individual capacity.

2. The entirety of the Amended Complaint's basis for individual liability against Mr. Pettersen rests on a single conclusory sentence: that he "authorized, directed, and/or participated" in the alleged infringing conduct. (Am. Compl. ¶ 35.) No further factual allegations appear anywhere in the Amended Complaint that explain what Mr. Pettersen personally did, said, ordered, knew, or directed with respect to any allegedly counterfeit product at any of the three retail locations at issue. This bare recitation of the legal standard for individual liability — without a single supporting fact — is precisely the type of pleading the Supreme Court condemned in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. Plaintiff's claims against Mr. Pettersen individually should be dismissed with prejudice because: (1) the Amended Complaint fails to allege any specific facts establishing Mr. Pettersen's personal participation in or direction of the alleged infringing conduct; (2) corporate officer or owner status alone is legally insufficient to impose individual Lanham Act liability under controlling Tenth Circuit authority; and (3) amendment would be futile

given that Plaintiff has already had the opportunity to amend and has still failed to plead any particularized facts supporting individual liability.

## COUNTS ALLEGED AGAINST MR. PETTERSEN INDIVIDUALLY

Plaintiff has asserted the following claims for relief against both Rocky Mountain Ecigs LLC and Mr. Pettersen individually:

Count One: Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114

Count Two: Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

## ARGUMENT

### I. LEGAL STANDARD

4. The Supreme Court clarified the standard for granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

5. Two principles underlie this standard. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim. *Twombly*, 550 U.S. at 555. Second, "only a complaint that states a plausible claim

for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR INDIVIDUAL LIABILITY AGAINST MR. PETTERSEN

### A. Individual Liability Under the Lanham Act Requires Proof of Personal Participation — Corporate Officer Status Alone Is Insufficient.

6. Individual liability under the Lanham Act is not established merely by virtue of a defendant's status as a corporate officer, owner, or sole member of an LLC. Rather, individual liability requires proof that the individual personally participated in or personally directed the infringing conduct, with actual knowledge that the conduct was infringing. Courts in the Tenth Circuit and this District have consistently so held.

7. In the Tenth Circuit, an officer or agent may be held personally liable for a corporate tort only if the officer personally directed or actively participated in the tortious conduct (or in conduct from which a tort would reasonably be expected to follow) *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1182 (10th Cir. 1989). The Tenth Circuit has also articulated that personal liability requires specific direction or sanction of, or active participation or cooperation in, the wrongful act or omission that caused the plaintiff's injury—not merely the person's corporate title or general authority within the company *Zimmerman v. First Fed. Sav. & Loan Ass'n of Rapid City, S.D.*, 848 F.2d 1047, 1052–53 (10th Cir. 1988). Accordingly, to plead or prove individual liability, it is insufficient to rely on conclusory allegations of "control" based on officer status alone; the proponent must allege or show concrete facts tying the individual to the challenged acts through direct participation, approval, ratification, or other affirmative involvement.

8. This Court may apply these same principles in the GS Holistic litigation. In consolidated cases pending before this Court involving analogous complaints naming individual defendants based solely on the identical "authorized, directed, and/or participated" language, this bare recitation of the legal standard has faced the same pleading challenge presented here. A formulaic legal conclusion, without supporting facts, cannot sustain individual liability at the pleading stage.

**B. The Amended Complaint's Sole Allegation Against Mr. Pettersen Is a Bare Legal Conclusion That Cannot Survive Twombly/Iqbal.**

9. The entire factual basis for individual liability against Mr. Pettersen is contained in a single sentence of Paragraph 35 of the Amended Complaint, which alleges only that Mr. Pettersen "authorized, directed, and/or participated" in the alleged infringing conduct. That is the whole of it. The Amended Complaint does not allege:

(a) what specific act Mr. Pettersen personally performed in connection with any of the three test purchases;

(b) that Mr. Pettersen had any personal knowledge that any specific product was counterfeit;

(c) that Mr. Pettersen personally selected, ordered, or approved the purchase of the allegedly counterfeit inventory;

(d) that Mr. Pettersen was present at any of the three retail locations on the dates of the test purchases;

(e) that Mr. Pettersen had any communication with the wholesale distributors from whom products were sourced; or

(f) any other fact that would distinguish Mr. Pettersen's alleged personal conduct from the ordinary activities of any business owner.

10. The phrase "authorized, directed, and/or participated" is precisely the type of "formulaic recitation" of legal elements that *Twombly* and *Iqbal* prohibit. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The disjunctive phrasing — "and/or" — underscores the absence of any actual factual allegation; Plaintiff does not even allege what specific act Mr. Pettersen performed, only that he must have done something because he owns the company.

11. As the Supreme Court made plain in *Iqbal*: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" 556 U.S. at 679. Here, the only inference available from "authorized, directed, and/or participated" is the mere possibility that someone who owns a business might be liable. That is insufficient.

**C. The Three Separate Store Locations Do Not Supply the Missing Facts.**

12. Plaintiff may argue that because Rocky Mountain Ecigs operated three retail locations in multiple Colorado cities, Mr. Pettersen's personal involvement must be inferred. This argument fails for two independent reasons. First, it is a legal conclusion disguised as a factual inference. Owning a multi-location retail business does not, without more, establish

that the owner personally directed the purchase of any specific inventory item, had knowledge of its alleged counterfeit nature, or participated in any specific transaction. Businesses of all sizes routinely delegate purchasing decisions to managers and employees. The Amended Complaint alleges nothing about Rocky Mountain Ecigs' internal structure, purchasing authority, or Mr. Pettersen's role in day-to-day inventory decisions. Second, the Amended Complaint itself undermines any inference of Mr. Pettersen's personal knowledge. The products at issue were purchased through mobile wholesale distributors — a standard distribution channel in the retail tobacco and smoke shop industry — and there was no prior notice, no cease-and-desist letter, and no pre-suit demand from Plaintiff. (Am. Compl. ¶ 54.) Without any prior notice of alleged counterfeiting in the supply chain, there is no basis to infer that Mr. Pettersen personally knew or had reason to know that specific products were counterfeit.

**D. Plaintiff's Mass-Filing Litigation Strategy Does Not Supply the Required Factual Pleading.**

13. Plaintiff GS Holistic has filed approximately 950 nearly identical lawsuits nationwide, and approximately 50 in this District alone, using complaints that vary only in defendant names and purchase details. The formulaic use of the phrase "authorized, directed, and/or participated" across all of these complaints — applied identically to every individual defendant regardless of the actual facts — demonstrates precisely why this language is a legal conclusion and not a factual allegation. Cookie-cutter pleading does not satisfy

Twombly/Iqbal, and this Court has recognized the problematic nature of Plaintiff's litigation approach in prior proceedings in this District.

**E. Dismissal With Prejudice Is Appropriate Because Amendment Would Be Futile.**

14. Dismissal of the individual claims against Mr. Pettersen with prejudice is appropriate because amendment would be futile. Plaintiff filed its Amended Complaint after having the benefit of the original complaint period and Rule 26(f) proceedings, yet still failed to plead any specific facts supporting individual liability. *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)) (amendment properly denied where it would be futile). Plaintiff has conducted test purchases, retained counsel, and filed nationwide litigation — it has had every opportunity to identify specific facts supporting Mr. Pettersen's personal participation if any such facts existed. None appear in the Amended Complaint because none exist.

15. An award of attorney's fees is warranted under 15 U.S.C. § 1117(a), which authorizes fees in "exceptional cases." This case qualifies as exceptional with respect to the individual claims against Mr. Pettersen. Plaintiff has filed approximately 950 nearly identical complaints nationwide using boilerplate language that does not vary based on any individual defendant's actual conduct — a litigation strategy the Supreme Court identified as emblematic of meritless pleading in *Twombly*. Where a plaintiff pursues an individual defendant through mass-produced, formulaic litigation, makes no effort to identify facts specific to that individual, and then refuses to dismiss despite the obvious absence of any factual basis for individual liability, the resulting litigation is objectively unreasonable. *See Octane Fitness,*

*LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (establishing the "exceptional case" standard under the Patent Act's analogous fee-shifting provision; multiple circuits have applied this standard to § 1117(a) of the Lanham Act). The pursuit of individual Lanham Act liability against Mr. Pettersen, based solely on his status as an LLC owner and a single conclusory sentence identical to those lodged against hundreds of other defendants nationwide, meets that standard.

## III. CONCLUSION

16. The Amended Complaint fails to allege any specific facts establishing that Keith Pettersen personally participated in, directed, or had actual knowledge of the alleged infringing conduct. The sole allegation against him — that he "authorized, directed, and/or participated" in unspecified infringing activity — is a bare legal conclusion that cannot sustain a plausible claim for individual liability under the Lanham Act. Because Plaintiff has already had the opportunity to amend and has still failed to supply the required factual allegations, dismissal with prejudice is appropriate.

WHEREFORE, Defendant Keith Pettersen respectfully requests that the Court grant this Motion and dismiss all claims against him individually with prejudice, award him his reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) on the grounds that this is an exceptional case, and grant all further relief the Court deems just and proper.

Respectfully submitted this 25th day of February 2026.

THE McCALLUM LAW FIRM, PC

Attorneys for Defendants Rocky Mountain Ecigs LLC and Keith Pettersen

s/ Jennifer M. McCallum
Jennifer M. McCallum, Ph.D., Esq.
The McCallum Law Firm, PC
685 Briggs Street
Erie, CO 80516
jmccallum@mccallumlaw.net
303-828-0655

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, a true and correct copy of the foregoing DEFENDANT KEITH PETTERSEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) was filed with the Clerk of the Court using the CM/ECF system, which will send a notification to all parties of record.

s/ Jennifer M. McCallum
Jennifer M. McCallum, Ph.D., Esq.
685 Briggs Street
Erie, CO 80516
jmccallum@mccallumlaw.net
303-828-0655