IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GS HOLISTIC, LLC,

Plaintiff, Case No. 1:23-cv-01539-RMR-NRN

vs.

Rocky Mountain Ecigs LLC et al,

Defendants.
/

**SCHEDULING ORDER**

---

**1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference is scheduled for Wednesday, March 4, 2026, at 1:15 p.m.

For Plaintiff GS Holistic: Eddy Leal from Eddy Leal, PA, 777 Brickell Avenue, Suite 500, Miami, FL 33131, telephone: 305-979-3900, el@leallegal.com.

For Defendants Rocky Mountain Ecigs and Keith Pettersen: Jennifer McCallum from The McCallum Law Firm PC, 685 Briggs Street, Erie, CO 80516, telephone: 303-828-0655, mail@mccallumlaw.net.

**2. STATEMENT OF JURISDICTION**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and jurisdiction under 15 U.S.C. § 1121 for claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Plaintiff alleges claims for trademark infringement,

counterfeiting, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. Venue and personal jurisdiction are predicated on Defendants' residence and conduct within this District. Plaintiff pleads venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this District and the cause of action occurred here. No issues exist regarding subject matter jurisdiction, personal jurisdiction or venue.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff GS Holistic, LLC asserts claims for: (1) trademark counterfeiting and infringement under 15 U.S.C. § 1114 based on Defendants' offering for sale of counterfeit Stündenglass-branded Gravity Infusers bearing spurious marks identical or substantially indistinguishable from Plaintiff's registered marks; and (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a). Plaintiff alleges ownership of U.S. Trademark Registration Nos. 6,633,884; 6,174,292; and 6,174,291 for the Stündenglass marks, which are valid, subsisting, and in full force and effect. Plaintiff alleges Defendants offered for sale and sold counterfeit Gravity Infusers displaying the Stündenglass trademarks at three Colorado retail locations. Plaintiff alleges willful infringement causing irreparable harm and seeks injunctive relief, damages, profits, statutory damages, and costs as authorized by the Lanham Act. Plaintiff pleads willful conduct intended to trade on goodwill, cause confusion, and divert sales, and asserts entitlement to injunctive and monetary relief under 15 U.S.C. §§ 1116 and 1117.

### b. Defendants

Defendants deny that they engaged in trademark counterfeiting or infringement and deny that Plaintiff is entitled to any of the relief sought. Defendant Rocky Mountain Ecigs LLC has denied all material allegations of the Amended Complaint and intends to assert affirmative defenses. Defendant Keith Pettersen denies individual liability, as the Amended Complaint fails to allege specific facts establishing his personal participation in, direction of, or actual knowledge of the alleged infringing conduct, and individual Lanham Act liability cannot rest solely on officer or owner status.

Defendants assert the following affirmative defenses: (1) non-infringement, as all products were purchased through standard wholesale distribution channels without knowledge of any alleged counterfeit nature; (2) innocent infringement, as any infringement, if it occurred at all, was not willful or deliberate, and Defendants had no actual knowledge or reasonable means to discover that the products were counterfeit; (3) invalidity and unenforceability of one or more of Plaintiff's asserted trademark registrations based on discrepancies between specimens submitted to the USPTO and Plaintiff's current authentication claims; (4) failure to mitigate, as Plaintiff sent no pre-suit notice or cease and desist letter to Defendants prior to filing suit; (5) unclean hands, based on Plaintiff's pattern of filing approximately 950 nearly identical lawsuits against small retail businesses without adequate pre-suit investigation; (6) laches, waiver, acquiescence, and estoppel; (7) no willfulness and therefore no entitlement to enhanced statutory damages, treble damages, or attorney's fees; and (8) the first sale doctrine and trademark exhaustion to the extent any products entered commerce through prior authorized sales.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. This action is pending in the United States District Court for the District of Colorado as Case No. 1:23-cv-01539-RMR-NRN.

2. Plaintiff GS Holistic, LLC is the owner of registered Stündenglass trademarks identified in U.S. Registration Nos. 6,633,884; 6,174,292; and 6,174,291

3. The gravity infusers which are the subject of the above styled lawsuit were not purchased directly from Plaintiff GS Holistic.

4. The allegedly counterfeit gravity infusers which were offered for sale by the Defendants and sold to an investigator are the subject of the above-styled lawsuit.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff seeks an award of statutory damages against Defendants for the use of counterfeit marks in connection with the sale, offering for sale, distribution, and/or advertising of goods, pursuant to 15 U.S.C. § 1117(c) of the Lanham Act.

At this time, Plaintiff elects to recover statutory damages in lieu of actual damages and Defendants' profits. Under 15 U.S.C. § 1117(c), Plaintiff seeks: Up to $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, or up to $2,000,000 per counterfeit mark per type of goods on a finding that Defendants' counterfeiting was willful.

The precise number of counterfeit marks and categories of goods is the subject of ongoing discovery. Accordingly, Plaintiff cannot yet fully calculate the total statutory

damages sought but presently estimates that statutory damages will be sought in an amount up to the maximum permitted by statute, subject to proof at trial.

The Plaintiff reserves the right to amend these anticipated damages and/or provide documentation to support this claim based on responses to discovery.

**b. Defendant**

Defendants dispute Plaintiff's computation of damages and deny that Plaintiff is entitled to statutory damages, treble damages, or attorney's fees. Defendants did not act willfully or with deliberate intent to infringe, and any damages should be limited to actual damages, which Defendants contend are minimal or nonexistent. All products were purchased through standard wholesale distribution channels without knowledge of any alleged counterfeit nature, and Plaintiff provided no pre-suit notice that would have allowed Defendants to investigate and remedy any concern. To the extent any damages are awarded, Defendants contend they should reflect only actual, provable losses directly attributable to the specific transactions at issue, and that this is not an exceptional case warranting attorney's fees in Plaintiff's favor. Defendants reserve the right to seek their own attorney's fees and costs under 15 U.S.C. § 1117(a) on the grounds that Plaintiff's mass-filing litigation strategy constitutes an exceptional case.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on February 20, 2026.

**b. Names of each participant and party he/she represented.**

For Plaintiff GS Holistic: Eddy Leal from Eddy Leal, PA, 777 Brickell Avenue, Suite

500, Miami, FL 33131, telephone: 305-979-3900, el@leallegal.com.

For Defendants Rocky Mountain Ecigs and Keith Pettersen: Jennifer McCallum from The McCallum Law Firm PC, 685 Briggs Street, Erie, CO 80516, telephone: 303-828-0655, mail@mccallumlaw.net.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

In accordance with this Court's order, Plaintiff filed its Rule 26(a)(1) initial disclosures on February 4, 2026, and Defendants shall make their Rule 26(a)(1) initial disclosures on or before February 25, 2026.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Plaintiff anticipates filing an Amended Rule 26(a)(1) initial disclosure prior to scheduling conference to be held on March 4, 2026, at 1:15pm.

**e. Statement concerning any agreements to conduct informal discovery.**

The Parties represent that they are discussing the informal exchange of certain information and documents in an effort to facilitate the efficient progression of the case. If all Parties agree to participate in this informal process, the following materials shall be exchanged without the necessity of formal discovery requests. For example, Plaintiff shall provide a copy of its investigation report related to the claims at issue in this action, and Defendant shall provide copies of the invoices relevant to the allegations and damages claimed in this action. Participation in this informal exchange shall not constitute a waiver of any objections, privileges, or rights, and shall not limit the scope of discovery that may be sought in formal discovery.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Depositions of out-of-state witnesses may proceed remotely by videoconference to reduce costs.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Parties do not anticipate that discovery will involve extensive electronically stored information.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have conferred regarding the possibility of promptly settling or otherwise resolving this matter. The Parties agree that they will embark upon good-faith settlement discussions and explore potential avenues for early resolution of the case.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None. No more than 25 written interrogatories per Rule 33(a)(1).

**b. Limitations which any party proposes on the length of depositions.**

None. A maximum of 7 hours should be sufficient per Rule 30(d)(1).

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

No more than 25 requests for production and requests for admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

August 5, 2026.

**e. Other Planning or Discovery Orders**

Depending on the discovery sought, Plaintiff anticipates a protective order.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

April 30, 2026

**b. Discovery Cutoff:**

Factual and Expert Discovery – September 4, 2026

**c. Dispositive Motion Deadline:**

October 16, 2026

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff anticipates expert testimony in (1) trademark infringement and likelihood of confusion and counterfeiting and brand impact/consumer perception as a result of counterfeiting and (2) damages.

Defendants anticipate expert testimony, if necessary, in (1) trademark validity and enforceability, including issues relating to the authenticity of Plaintiff's USPTO specimens and authentication practices; (2) trade practices in wholesale distribution of specialty retail

goods; and (3) damages, including the appropriate measure and limitation of any damages based on the specific transactions at issue.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Each party shall be limited to one retained expert per distinct subject matter, but such expert may offer multiple opinions.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ____, 20___.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

June 15, 2026.

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _, 20___.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

July 15, 2026.

**e. Identification of Persons to Be Deposed:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| Plaintiff | TBD |
| Defendant Rocky Mountain Ecigs | 7 hours |
| Defendant Keith Pettersen | 7 hours |
| Former Store Managers and/or Employees for Defendant | 7 hours |

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

Wednesday, March 4, 2026 at 1:15 o'clock pm.

**b. A final pretrial conference will be held at the following date and time:**

_______________, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

**b. Anticipated length of trial and whether trial is to the court or jury.**

4 day, jury trial.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Parties do not anticipate the use of these facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at ____________, Colorado, this ____ day of ____________, 20__.

BY THE COURT:

______________________________
Regina M. Rodriguez
United States Judge

APPROVED AS SUBMITTED ON February 27, 2026:

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for GS Holistic LLC*

Jennifer M. McCallum
The McCallum Law Firm
685 Briggs Street
P.O. Box 929
Erie, CO 80516
t: 303-828-0655
jmccallum@mccallumlaw.net
*Attorney for Defendants*