IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GS HOLISTIC, LLC,

Plaintiff,

v.

Case No. 1:23-cv-01539-RMR-NRN

ROCKY MOUNTAIN ECIGS LLC and
KEITH PETTERSEN,

Defendants.

---

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL**

---

Counsel for Defendants Rocky Mountain eCigs LLC (the "Business Defendant") and Keith Pettersen (the "Individual Defendant") respectfully moves this Court for leave to withdraw as counsel pursuant to D.C.COLO.LAttyR 5(b) and Colo. RPC 1.16. Good cause exists for withdrawal on two independent grounds: (1) Counsel's spouse's ongoing serious medical condition materially impairs Counsel's ability to provide competent and diligent representation, and (2) Counsel's uncompensated representation has become an unreasonable financial burden. Both Defendants support this Motion, and Plaintiff's counsel does not oppose it.

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that on April 29, 2026, she conferred by email with counsel for Plaintiff regarding the relief requested in this Motion. Plaintiff's counsel stated that Plaintiff does not object.

# I. FACTUAL BACKGROUND

## A. The Underlying Action and Counsel's Representation

This action involves a trademark infringement claim brought by GS Holistic, LLC against the Business Defendant and the Individual Defendant. Counsel has served as counsel of record for both Defendants since the inception of this action. Counsel filed an Answer on behalf of the Business Defendant and a Motion to Dismiss on behalf of the Individual Defendant, which remains pending. Counsel also granted Plaintiff two extensions of time to respond to the Motion to Dismiss while the parties attempted to resolve the matter through settlement, and assisted the Individual Defendant in organizing his anticipated bankruptcy filing.

## B. Counsel's Personal Hardship

On March 13, 2026, Counsel's spouse underwent unexpected emergency surgery and was hospitalized for five days in the intensive care unit. The medical situation has not resolved. Counsel's spouse requires additional hospitalization and a further surgical procedure scheduled for April 30, 2026. The ongoing medical situation has substantially reduced Counsel's availability for client meetings, court appearances, and case preparation, and the demands on Counsel's time and attention will remain significant for the foreseeable future.

## C. Counsel's Uncompensated Representation

Counsel has not been paid by either Defendant and has been representing both pro bono throughout this litigation. Counsel cannot afford to conduct adequate discovery, retain expert witnesses if needed, or allocate sufficient time and resources to the case while maintaining her solo law practice

and meeting financial obligations—particularly in light of the medical expenses associated with her spouse's hospitalizations.

### D. Changed Circumstances of the Defendants

The circumstances of both Defendants have changed materially since the inception of the case. The Individual Defendant is preparing to file for bankruptcy protection, which is likely to trigger an automatic stay of this action as to him. The Business Defendant has been closed since October 2025, no longer operates, and is contemplating its own bankruptcy filing in coordination with the Individual Defendant. These developments make it unlikely that Counsel will receive compensation for work already performed or for the additional work that discovery and trial preparation would require.

### E. Stage of Proceedings

This case remains in an early stage of litigation. The Motion to Dismiss filed on behalf of the Individual Defendant is pending. No trial date has been set, and no critical deadlines are imminent. Counsel has advised both Defendants of all applicable deadlines and the consequences of withdrawal, and both Defendants support this Motion.

## II. ARGUMENT

### A. Counsel's Spouse's Medical Condition Materially Impairs Counsel's Ability to Represent the Defendants.

Colorado Rule of Professional Conduct 1.16(a)(2) requires a lawyer to withdraw from representation when "the lawyer's physical or mental condition materially impairs the lawyer's

ability to represent the client." As described above in Section I.B, Counsel's spouse's ongoing serious medical condition has created sustained and unpredictable demands on Counsel's time, attention, and emotional resources. Continued representation under these circumstances would risk inadequate preparation, missed deadlines, and a level of advocacy below what these Defendants are entitled to receive.

**B. Continued Uncompensated Representation Imposes an Unreasonable Financial Burden.**

Colorado Rule of Professional Conduct 1.16(b)(6) permits withdrawal when "the representation will result in an unreasonable financial burden on the lawyer." As described in Sections I.C and I.D, Counsel has handled this matter entirely pro bono, and the Defendants' anticipated bankruptcies and the Business Defendant's closure foreclose any realistic prospect of payment. Continuing to represent the Defendants without compensation as the case enters more resource-intensive phases is financially unsustainable and constitutes an unreasonable financial burden within the meaning of Rule 1.16(b)(6).

**C. Withdrawal Will Not Prejudice Any Party.**

Withdrawal at this stage will not cause material prejudice to either Defendant or to Plaintiff. The case remains in early stages with no trial date set and no imminent critical deadlines, leaving substitute counsel adequate time to review the file, understand the posture of the litigation, and prepare for upcoming proceedings. The Individual Defendant's anticipated bankruptcy filing may further reduce any potential prejudice by triggering an automatic stay. The Business Defendant's closure since October 2025 likewise reduces its ongoing interest in continued active litigation.

Counsel has advised both Defendants of all applicable deadlines and the consequences of withdrawal, and both Defendants support this Motion.

### D. Counsel Will Comply with All Duties Upon Withdrawal.

Upon withdrawal, Counsel will comply with the duties imposed by Colo. RPC 1.16(d) and D.C.COLO.LAttyR 5(b). Specifically, Counsel will: (1) provide reasonable notice to both Defendants of the withdrawal and its consequences; (2) allow each Defendant adequate time to retain substitute counsel or prepare to proceed pro se; (3) promptly surrender all papers and property to which the clients are entitled, including correspondence, pleadings, and the pending Motion to Dismiss; (4) cooperate with any successor counsel by providing a complete file and answering reasonable questions regarding the status of the representation; and (5) provide the Clerk's office with the Defendants' last known addresses as required by applicable rules.

## III. CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 83.1, D.C.COLO.LAttyR 5(b), and Colo. RPC 1.16, Counsel respectfully requests that this Court enter an Order:

a. Granting Counsel's Motion to Withdraw as Counsel for both Rocky Mountain eCigs LLC and Keith Pettersen, effective upon entry of this Order or such other date as the Court may specify;

b. Directing the Business Defendant to retain substitute counsel and file a notice of appearance within twenty-one (21) days of entry of this Order, or alternatively to file a notice explaining its status as a closed business entity;

c. Directing the Individual Defendant to retain substitute counsel and file a notice of appearance within twenty-one (21) days of entry of this Order, or to file a notice of pro se appearance and assume responsibility for all pending matters, including the pending Motion to Dismiss;

d. Directing that all future notices and orders be served directly on the Defendants at the addresses provided to the Clerk's office, until such time as new counsel appears or the Defendants appear pro se; and

e. Granting such further relief as the Court deems just and proper.

Respectfully submitted this 29th day of April, 2026.

THE McCALLUM LAW FIRM, PC

/s/ Jennifer M. McCallum
Jennifer M. McCallum, Reg. No. 33238
685 Briggs Street, P.O. Box 929
Erie, CO 80516
Telephone: (303) 828-0655
Email: jmccallum@mccallumlaw.net

Attorney for Defendants Rocky Mountain eCigs LLC and Keith Pettersen

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2026, I electronically filed the foregoing UNOPPOSED MOTION TO WITHDRAW AS COUNSEL with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that I have served a copy of this Motion on both Defendants at their last known addresses, and that I have provided the Clerk's office with the Defendants' last known addresses as required by applicable rules.

/s/ Jennifer M. McCallum
Jennifer M. McCallum