**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01539-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

ROCKY MOUNTAIN ECIGS LLC d/b/a PERFECT ALTERNATIVES, et al.,

Defendants.

---

# ORDER ON MOTION TO DISMISS

---

This matter is a trademark infringement case that comes before the Court on Defendant Keith Pettersen's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). ECF No. 50. Mr. Pettersen alleges that "[t]he entirety of the Amended Complaint's basis for individual liability against Mr. Pettersen rests on a single conclusory sentence: that he 'authorized, directed, and/or participated' in the alleged infringing conduct." *Id.* at 2 (quoting ECF No. 30 ¶ 35). He asks the Court to dismiss the claims against him. *Id.* at 9. For the reasons stated below, the Motion is DENIED.

## I. BACKGROUND

This case is one of over 50 trademark infringement cases filed by Plaintiff in the summer of 2023. In many of those cases, Plaintiff sued both a business and its owner. Plaintiff alleged that the business owners had "authorized, directed, and/or participated in

[their businesses'] offer for sale, in commerce, of the Counterfeit Goods." *See, e.g.*, *GS Holistic, LLC v. Vaportoke Inc. et al*., No. 1:23-cv-01513, ECF No. 33 ¶ 34; *GS Holistic, LLC v. CAP5, LLC et al.*, No. 1:23-cv-01516, ECF No. 28, ¶ 34; *GS Holistic, LLC v. VAPEz LLC et al.*, No. 1:23-cv-1537, ECF No. 32 ¶ 34; *GS Holistic, LLC v. R&R Property Management Ltd et al.*, No. 1:23-cv-1542, ECF No. 25 ¶ 33. It appeared that their complaints were largely drafted from identical templates.

However, it soon became apparent that Plaintiff "lacked the resources or know-how to prosecute all those cases simultaneously and consistent with…court rules." *Vaportoke*, No. 1:23-cv-01513, ECF No. 48 at 2. The Court ordered Plaintiff to prosecute its cases *seriatim*. *See id.*, ECF No. 39. In *Vaportoke*, the first case to proceed, the defendants filed a motion to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Magistrate Judge Neureiter recommended that the motion to dismiss be denied. No. 1:23-cv-01513, ECF No. 48. He acknowledged that allegations like the one described above—that a business owner "authorized, directed, and/or participated in" trademark infringement—were "essentially boilerplate." *Id.* at 5. However, he also analyzed what he considered "the only non-boilerplate allegations in the entire complaint":

> that [the business owner], through his stores, sold two counterfeit Stündenglass gravity infusers, and because [the business owner] is a smoke shop merchant, and the price was near $400 rather than $600, substantially lower than the price of an authentic Stündenglass infuser, he knew or should have known that the infusers were counterfeit.

*Id.* Magistrate Judge Neureiter found that this allegation sufficed, at the motion to dismiss stage, to state a claim for willful infringement. *Id.* at 13. Thus, he found that the case could

proceed. *Id.* at 17-18. This Court adopted his recommendation. *Vaportoke*, No. 1:23-cv-01513, ECF No. 54. The matter ultimately proceeded to trial, where Plaintiff prevailed.

The procedural history of the *Vaportoke* case is relevant, because Plaintiff has made almost identical allegations against the defendants in this case. Here, in addition to alleging that Mr. Pettersen "authorized, directed, and/or participated in" trademark infringement, Plaintiff has also repeated the allegations that Magistrate Judge Neureiter found sufficient. Plaintiff has alleged that defendants, including Mr. Pettersen, knowingly sold counterfeit Stündenglass gravity infusers. ECF No. 30 ¶ 45. As in the *Vaportoke* case, in support of their assertion that defendants knew the infusers were counterfeit, Plaintiff alleges that defendants sold the infusers at a below-market price. *Id.* Plaintiff also alleges that the infusers lacked an authentication sticker. *Id.*

In the Motion, Mr. Pettersen argues that Plaintiff's allegations do not state a claim against Mr. Pettersen personally. He contends that Plaintiff does not allege his personal participation in any infringement and instead bases its claims on his status as a corporate officer. ECF No. 50 at 4.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Central to the Court's analysis of the Motion is the maxim that "like cases should generally be treated alike." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018). The Court has previously agreed with Mr. Pettersen that Plaintiff's allegations are largely conclusory boilerplate. But, as in *Vaportoke*, Plaintiff has also alleged non-conclusory facts that the Court must credit at the motion to dismiss stage. In particular, Plaintiff has alleged that defendants, including Mr. Pettersen, had specialized knowledge of the tobacco shop industry. *See* ECF No. 30 ¶¶ 20-21 ("It is because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products. . . . It is exactly because of their higher sales value that Stündenglass branded products are targeted by counterfeiters. The counterfeiters tarnish the Stündenglass brand by unlawfully selling Gravity Infusers that have identical, or nearly identical, versions of the Stündenglass Marks affixed to products that are made with inferior or different materials, thereby leading to significant illegitimate profits by KEITH PETTERSEN, such as the Defendants in the instant case."). Despite this knowledge, Defendants allegedly sold gravity infusers that lacked an authentication

sticker at below-market price. *Id.* ¶ 45 ("Here, the Defendants sold counterfeit products purporting to be Stündenglass gravity infusers at three of their stores for $303.05, $302.35, and $216.62 respectively whereas the authentic product retails at $599.95."). The Court has previously found that nearly identical allegations were sufficient to state plausible claims for relief and survive a motion to dismiss. *See Vaportoke*, No. 1:23-cv-01513, ECF Nos. 48, 54.

The Court notes that Magistrate Judge Neureiter's analysis in the *Vaportoke* case did not address the specific argument raised by Mr. Pettersen here: that Plaintiff's allegations of his personal involvement are largely conclusory. However, that argument does not change the Court's analysis. Although it is conclusory for Plaintiff to allege that Mr. Pettersen "authorized, directed, and/or participated in" trademark infringement, the Court does not rely solely on that allegation. Plaintiff has alleged that Mr. Pettersen "caused damage and immediate irreparable harm to GS, the Stündenglass Marks, and to its valuable reputation and goodwill with the consuming public," *id.* ¶ 46, and "purposefully derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of Colorado," *id.* ¶ 49. Plaintiff also claims that Mr. Pettersen knew that the "higher sales value that Stündenglass branded products are targeted by counterfeiters" and intended to "mislead consumers by selling in their stores low grade products that take a free ride on the goodwill of the Stündenglass brand, and in turn, the Defendants reap ill-begotten profits." *Id.* ¶¶ 21-22. Accepting these allegations as true,

the Court finds that Plaintiff has sufficiently alleged its trademark infringement claims to survive Mr. Pettersen's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendant Keith Pettersen's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), ECF No. 50, is **DENIED**.

DATED: September 30, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge